IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VITALY BORKER, | : | |
|     Petitioner | : | |
| | : | |
| vs. | : | CIVIL NO. 1:CV-14-0197 |
| | : | |
| JUAN BALTAZAR, WARDEN, | : | (Judge Caldwell) |
|     Respondent | : | |
| | : | |
| | : | |

*M E M O R A N D U M*

I. *Introduction*

      Vitaly Borker, an inmate at the federal correctional institution in Allenwood, Pennsylvania, has filed a pro se petition under 28 U.S.C. § 2241 challenging disciplinary proceedings against him. As a result of the proceedings, Petitioner lost credit against his sentence for twenty-seven days of good conduct time.

      Petitioner claims the following due process violations. First, he was not given twenty-four-hours notice of the charge against him when he was found guilty on appeal of a charge that was not made against him at the disciplinary proceedings. Second, the prohibited acts that may subject an inmate to disciplinary sanction are not described sufficiently rendering them too vague for enforcement. Third, Petitioner's waiver of a staff representative at the hearing was not knowing or intelligent because Petitioner had not been advised that a staff representative, unlike the inmate, could view all the evidence. Fourth, he was not allowed to see a copy of a memorandum by a case manager that might have provided exculpatory evidence.

II. *Relevant Law*

Federal prisoners have a liberty interest in good time credits. *Lang v. Sauers*, 529 F. App'x 121, 122 (3d Cir. 2013)(nonprecedential). At a disciplinary hearing that may result in the loss of good time credits, due process requires that an inmate "receive: (1) written notice of the charges at least 24 hours prior to a hearing; (2) an opportunity to call witnesses and present evidence in his defense; (3) an opportunity to receive assistance from an inmate representative; and (4) a written statement of the evidence relied on and the reasons for the disciplinary action." *Id.* at 123 (citing *Wolff v. McDonnell,* 418 U.S. 539, 563–71, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)).

Due process also requires that the Discipline Hearing Officer's (DHO's) decision be supported by "some evidence." *Id.* (quoting *Superintendent v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985)). A determination of whether there is some evidence to support the decision "does not require examination of the entire record, an independent assessment of the credibility of witnesses, or a weighing of the evidence." *Id.* (citing *Thompson v. Owens,* 889 F.2d 500, 502 (3d Cir. 1989)). "This requirement is minimal, and is satisfied if there is 'any evidence in the record that could support the conclusion reached by the'" DHO. *Deen-Mitchell v. Bledsoe*, 548 F. App'x 747, 750 (3d Cir. 2013)(nonprecedential)(quoting *Hill*, 472 U.S. at 455-56, 105 S.Ct. at 2774).

III. *Background*

In an incident report, dated November 3, 2012, Petitioner was charged with an attempt to commit two offenses on November 2, 2012: (1) giving or offering any official

or staff member a bribe (a Code 216 violation); and (2) making sexual proposals or threats to another (a Code 206 violation). (Doc. 9-2, ECF p. 7).[1] On November 28, 2012, a hearing was held, (Doc. 9-2, ECF p. 14), and in a report dated December 18, 2012, the DHO found him guilty only on the attempt to bribe an official or staff member. (Id., ECF pp. 15, 16). Petitioner was sanctioned by disallowance of 27 days of good conduct time, the imposition of 15-days disciplinary segregation, the loss of ninety-days e-mail privileges, and the loss of ninety-days phone privileges. (*Id.*, ECF p. 15).

In his report, the DHO listed the evidence upon which he based his decision:

> This decision is based on the evidence provided before me which is documented in the written report provided by the reporting employee. The employee documented, "On November 3, 2012, at approximately 1:30 p.m., as I was monitoring inmates' emails through the TRULINCS program, I reviewed inmate Vitaly Borker's email to numerous recipients at 11:03 pm, dated November 2, 2012, titled, "A guard likes me". He states in the email, "I am going to take a shower, then I am going to get dress up a little, do my hair with gel, and get back on the computer and pass by her office to ask her some questions. If it gets personal I am going to come down in the middle of the night, and try to fuck her. If she allows me to fuck her, I am going to bribe the BOP with 2 man room and other good things in exchange for information leading to guard and inmate sex. Maybe I will fuck her a little more than once and ask her to bring me some lobster and report it."[2] Activities Lieutenant was notified."

(Doc. 9-2, ECF p. 15)(spelling and grammar as in original)(footnote added).

---

[1] Petitioner informs us that the Code violations are listed in the report as "Code 216A" and "Code 206A" to designate them as attempts.

[2] The incident report indicates that this sentence in the e-mail actually ended: "some lobster then report it."

Petitioner appealed the decision to the Bureau of Prison's (BOP's) Northeast Regional Office, arguing, as he did before the DHO, that the e-mail was intended as a joke and further, that it did not support the conclusion that a bribe, or attempted bribe, took place. On February 15, 2013, the Regional Director rejected the appeal. In doing so, he agreed with Petitioner that his conduct did not satisfy the elements of attempting to bribe a staff member. However, he did find Petitioner guilty of a new offense, "communicating a threat to do other harm to a staff member," a violation of Code 203. (Doc. 9-2, ECF p. 23).

In pertinent part, the Regional Director wrote:

> The DHO reasonably determined you committed a prohibited act based on the following. On November 2, 2012, you sent an email to third parties wherein you communicated your plan to have intercourse with a staff member who was working at the time. You then stated you intended to bribe the staff member for your own gain before reporting her to authorities.
>
> Your misconduct does not appear to meet the elements of Attempted Offering a Staff Member a Bribe, Code 216A. However, your misconduct is accurately characterized as communicating a threat to do other harm to a staff member. The charge will be changed to Threatening, Code 203. You were given sufficient notice of the allegations against you before your DHO hearing. The evidence relied upon by the DHO would have been unchanged had you originally been charged with Threatening. Finally, because Threatening is also a 200 level change (sic), the sanctions imposed will remain the same.

(*Id.*).

Petitioner appealed to the Central Office but never received an answer. Respondent does not argue that Petitioner failed to exhaust his administrative remedies.

IV.  *Discussion*

Petitioner's first claim is that his right to due process was violated when he was not given twenty-four-hours notice of the charge on which he was found guilty. As noted, on appeal the Regional Director found him guilty of a Code 203 violation, a charge that had not been made against him in the incident report.

This claim lacks merit. An inmate need not be given advance notice of a new charge if the facts supporting the charge upon which he was given notice also support the new charge. *See Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003)(no due process violation when reviewing authority altered the charge because the petitioner was given twenty-four-hours advance notice of the facts that supported the new charge); *Holt v. Caspari*, 961 F.2d 1370, 1373 (8th Cir. 1992). Here, the Regional Director used the same facts found by the DHO to find Petitioner guilty of a Code 203 violation. *Cf. Guerrero v. Rectenwald*, 542 F. App'x 161, 164 (3d Cir. 2013) (nonprecedential) (petitioner received adequate notice when he was found guilty of the lesser offense of insolence when the DHO has authority under 28 C.F.R § 541.8(a)(1) to find an inmate guilty of the charged or a similar offense).

Petitioner's second claim is that the prohibited acts that may subject an inmate to disciplinary sanction are not described sufficiently and thus they are too vague for enforcement. Petitioner specifically mentions Code 203, 206, and Code 225, which deals with stalking.[3] We do not consider the description of the prohibited acts unconstitutionally vague. As the Third Circuit has stated:

---

[3] The list of prohibited acts can be found in Program Statement 5270.09, which describes the BOP's Inmate Discipline Program.

> Due process undoubtedly requires certain minimal standards of specificity in prison regulations, but we reject the view that the degree of specificity required of such regulations is as strict in every instance as that required of ordinary criminal sanctions. This results from the fundamental difference between normal society and prison society. The maintenance of strict security and discipline, with its unfortunate but unavoidable circumscription of an inmate's freedom to act, is essential to safe and efficient prison administration.

*Meyers v. Aldredge*, 492 F.2d 296, 310 (3d Cir. 1974). "As such, it is nearly impossible for prison authorities to anticipate, through a narrowly drawn regulation, every conceivable form of misconduct which threatens prison security." *Id.*; *see also Estrada v. Williamson*, 240 F. App'x 493, 494 (3d Cir. 2007)(nonprecedential).

In this regard, we note that the Regional Director found that Petitioner had violated Code 203. Code 203 prohibits: "Threatening another with bodily harm or any other offense." Specifically, he found that Petitioner had "communicat[ed] a threat to do other harm to a staff member." (Doc. 9-2, ECF p. 23). He based that finding on his interpretation of the facts established at the disciplinary hearing, that Petitioner stated his intention to have sexual intercourse with a staff member who was working at the time, and that he was going to then bribe the staff member for his own gain before reporting her to authorities. Petitioner should have known that threatening to have even consensual sex with a correctional officer (which is prohibited by prison rules) accompanied by a threat to reveal that activity to her superiors would be sanctionable conduct. Even proposing consensual sex is a prohibited act under Code 206.

Petitioner's third claim is that his waiver of a staff representative at the hearing was not knowing or intelligent because Petitioner had not been advised that a

staff representative, unlike the inmate, could view all the evidence.[4] Petitioner specifically mentions the case manager's memorandum and in his reply brief asserts that access to that memorandum along with the investigation portion of the incident report and his own e-mails would have assisted him in defending against the disciplinary charge.

Petitioner has no due process right to a staff representative unless he is illiterate or the case is complex. *See Speight v. Minor*, 245 F. App'x 213, 216 n.3 (3d Cir. 2007)(nonprecedential). Petitioner is not illiterate and does not assert the case is complex. This claim thus lacks merit.

In any event, the assistance of a staff representative would not have helped Petitioner. Petitioner argues a staff representative could have used exculpatory evidence from the documents mentioned above. (Doc. 10, ECF pp. 4-6). We have examined his arguments and find they would not have changed the outcome of the disciplinary proceedings. Petitioner admits he sent the e-mail, and the DHO rejected his argument that he was only joking.[5]

Petitioner's fourth claim is that he was not allowed to see a copy of the case manager's memorandum that might have provided exculpatory evidence. We have

---

[4] Program Statement 5270.09 at p. 20 allows a staff representative to view all the evidence, upon the representative's request.

[5] In his reply brief, Petitioner also complains for the first time that he was not allowed to call witnesses. (Doc. 10. ECF p. 7). Aside from the procedural violation of raising an argument for the first time in a reply brief, the argument can be rejected because he does not say what their testimony would have been.

already dealt with this argument above.  The memorandum (Doc. 9-2, ECF p. 17) provides no exculpatory evidence; it merely recites more fully the e-mails Petitioner sent.[6]

We will issue an order denying relief.  We will not issue a certificate of appealability since Petitioner has the right to appeal our order to the Third Circuit without a certificate.  *See Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009).

        /s/William W. Caldwell
        William W. Caldwell
        United States District Judge

Date: October 8, 2014

---

[6] We note that Petitioner complains that his record describes his disciplinary offense as a bribe and not as the offense the Regional Director found, a threat.  He asserts the bribe offense may affect his placement in a halfway house and the level of supervision after he is released from confinement.  Petitioner should bring this issue to the attention of the BOP in the first instance.  The issue also has no bearing on the relief he seeks here, restoration of his good conduct time.